IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEKENYA WILSON | § | |
| | § | |
| v. | § | C.A. NO. C-07-145 |
| | § | |
| OFFICER SILVA | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C. § 1983. (D.E. 1). For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I. BACKGROUND

Proceeding *pro se*, plaintiff filed his complaint in this action on March 21, 2007 in the Sherman Division of the Eastern District of Texas. (D.E. 1). On March 22, 2007, the action was transferred to this Court. (D.E. 3). On March 28, 2007, a notice of deficient pleading was sent to plaintiff. (D.E. 6). The notice informed him that he must either pay the $350.00 filing fee, or file a complete application for leave to proceed in forma pauperis. Id. It further informed him that he had twenty days to cure the deficiencies. Id.

Because he failed to correct these deficiencies, on April 20, 2007, an order to show cause as to why his action should not be dismissed was filed. (D.E. 7). To

date, plaintiff has neither paid the filing fee, nor filed a new application for leave to proceed in forma pauperis. Moreover, he has not responded to the order to show cause.

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)).

It appears that plaintiff has both abandoned this action and failed to comply with orders of this Court. Therefore, it is respectfully recommended that the Court dismiss his action for failure to prosecute his claim.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute.

Respectfully submitted this 14th day of May 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).