IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEKENYA NELSON | § | |
| | § | |
| v. | § | C.A. NO. C-07-145 |
| | § | |
| OFFICER SILVA | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C.

§ 1983. (D.E. 1). For the reasons stated herein, it is respectfully recommended

that the Court dismiss plaintiff's action for failure to prosecute his claim.

## I. BACKGROUND

Proceeding *pro se*, plaintiff filed his complaint in this action on March 21,

2007 in the Sherman Division of the Eastern District of Texas. (D.E. 1). On

March 22, 2007, the action was transferred to this Court. (D.E. 3). On March 28,

2007, a notice of deficient pleading was sent to plaintiff. (D.E. 6). The notice

informed him that he must either pay the $350.00 filing fee, or file a complete

application for leave to proceed in forma pauperis. Id. It further informed him that

he had twenty days to cure the deficiencies. Id.

Because he failed to correct these deficiencies, on April 20, 2007, an order to

show cause as to why his action should not be dismissed was filed. (D.E. 7). On

May 14, 2007, a memorandum and recommendation was issued recommending

that this action be dismissed for plaintiff's failure to prosecute it.  (D.E. 8).

Subsequently, it was learned that plaintiff's correct surname is "Nelson" as

opposed to "Wilson," which was used on all previous orders and notices.

Consequently, the May 14, 2007 memorandum and recommendation was vacated

on June 13, 2007.  (D.E. 11).

In the order to vacate, plaintiff was also ordered to either pay the $350.00

filing fee, or to file a motion to proceed in forma pauperis.  Id.  Because plaintiff

did not respond to this order, an order to show cause was issued requiring an

explanation as to why his action should not be dismissed for failure to prosecute

his claim.  To date, plaintiff has neither paid the filing fee, nor filed a new

application for leave to proceed in forma pauperis.  Moreover, he has not

responded to the order to show cause.

## II.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply

with any court order.  Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d

769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte

dismiss a cause of action for failure to prosecute).  "'The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez,

104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962);

McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

It appears that plaintiff has both abandoned this action and failed to comply

with orders of this Court.  Therefore, it is respectfully recommended that the Court

dismiss his action for failure to prosecute his claim.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court

dismiss plaintiff's action for failure to prosecute.

Respectfully submitted this 2nd day of August 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).